UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,                                 Case Number 13-20551

v.                                                 Honorable David M. Lawson

KARNAIL SINGH,

                  Defendant.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF CORAM NOBIS

Defendant Karnail Singh, the subject of a denaturalization proceeding presently pending in the United States District Court for the Eastern District of Kentucky, filed a petition for a writ of error *coram nobis* to challenge his passport fraud conviction in this case. It appears that the statements Singh made in his plea agreement and guilty plea hearing provide the government with the crux of its case against him in the denaturalization lawsuit. Singh argued that he was misled by the government and his own attorney about the immigration consequences of his guilty plea. However, this Court determined that Singh was unable to demonstrate a factual error that was unknown at the time of the guilty plea proceeding and that was of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. The Court, therefore, denied Singh's petition.

Now Singh has filed a motion asking the Court to amend or alter its opinion and order denying his petition for writ of error *coram nobis*. He argues that reconsideration is warranted to prevent manifest injustice in the denaturalization action. He wants to prevent the government from offering in support of that action the plea agreement he entered in this case. However, Singh has not shown that the Court's decision was predicated upon any manifest errors of law or fact, or that

correcting the order would prevent any manifest injustice.  Therefore, the Court will deny the motion to alter or amend its previous opinion and order denying *coram nobis*.

I.

The facts of this case are summarized in detail in the Court's opinion and order denying Singh's petition for writ of error *coram nobis*.  *United States v. Singh*, No. 13-20551, 2022 WL 2209369, at *1-3 (E.D. Mich. June 19, 2022).  Singh, a native of India, is a naturalized citizen.  He pleaded guilty to passport fraud before the Honorable Avern Cohn in January 2014 under the belief, he says, that his conviction would not cause him to be subject to immigration consequences.  As outlined in the previous opinion, however, Singh was warned on the record by the Court and the government that a challenge to his citizenship remained a possibility.  For instance, the plea agreement includes the following language:

> Defendant's plea to this offense will not necessarily result in immigration consequences, but, in conjunction with possible future criminal charges, his guilty plea in this case may affect or even foreclose his eligibility to remain in this country. Defendant has discussed these matters with his attorney in this case, but he expressly agrees that his decision to plead guilty is in no way conditioned upon or affected by the advice he has been given regarding any potential immigration consequences of his conviction(s).

Plea Agreement, ECF No. 16, PageID.43-44.  The plea agreement also states that, "[u]nless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan."  *Id.* at PageID.45.

At the plea hearing, Judge Cohn again warned Singh of the immigration consequences of his plea:

> The Court: And you know that this guilty plea has — well, it does have an effect, I guess — can be used if the immigration services brings a petition to cancel your citizenship?
>
> Singh: Yes, Your Honor.

- 2 -

The Court: You know that?

Singh: Yes, Your Honor.

Plea Transcript, ECF No. 22, PageID.127.

Singh also avers that, before the hearing, the assistant United States attorney informed him that the government did not intend to revoke his citizenship unless he committed another crime. Nonetheless, on May 18, 2018, the government filed an action against Singh in the Eastern District of Kentucky, where he now resides. It seeks to revoke Singh's citizenship based, in part, on the same facts that Singh admitted when he pleaded guilty in 2014 — that is, that Singh filed for asylum a second time, after first being ordered deported, and failed to disclose his previous immigration history under another identity. It mentions the guilty plea proceeding in which Singh admitted those facts and pleaded guilty to knowingly using a fraudulently-obtained passport. However, the complaint does not cite Singh's passport fraud conviction as grounds for revoking citizenship. Instead, it pleads five causes of action for removal under 8 U.S.C. § 1451(a), all based on Singh procuring naturalization by concealing a material fact or making a willful misrepresentation. Four causes of action remain: (1) illegal procurement of naturalization by a person who was not lawfully admitted for permanent residence; (2) illegal procurement of naturalization by a person who committed unlawful acts in the five years before applying for naturalization; (3) illegal procurement of naturalization by a person who made false statements of the purpose of obtaining an immigration benefit; and (4) procurement of citizenship by concealment of a material fact or willful misrepresentation. Denaturalization Compl., ECF No. 25-1, PageID.157-83.

Because of the factual admissions Singh made in his 2014 plea agreement, as it now stands, the government likely will be able to rest largely on those statements to meet its burden of revoking Singh's citizenship.  To avoid that result, Singh petitioned this Court to vacate his conviction.

On June 19, 2022, the Court issued an opinion and order denying Singh's petition for a writ of error *coram nobis*.  It reasoned that the government decided to attack Singh's citizenship based on the facts underlying his fraudulent citizenship application, not on Singh's conviction for passport fraud, and that Singh likely would have been convicted of that crime even if he had taken his chances with the jury.

Singh timely filed the instant motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.  The government has filed a response in opposition.

II.

Singh's motion to amend or alter the Court's order is governed by Federal Rule of Civil Procedure 59(e).  *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) (holding that "a motion which asks a court to vacate and reconsider, or even to revise its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").  Under that rule, the Court may grant a motion to amend or alter a judgment if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).  A Rule 59(e) motion is not properly used, however, "to raise new legal arguments that could have been raised before a judgment was issued," or to re-hash old arguments.  *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (stating that "[a] motion under Rule 59(e) is not an opportunity to

- 4 -

re-argue a case")); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (explaining that a Rule 59(e) motion "may not be used to argue a new legal theory").

Singh primarily argues that relief under Rule 59(e) is necessary to prevent a manifest injustice, which would result, he says, if he is subjected to denaturalization proceedings without being allowed to present a defense. He argues that his plea agreement in fact is categorically at odds with denaturalization and the plea colloquy failed to provide him with clear warning about the possible immigration consequences of his conviction. Singh also asks the Court to reconsider its finding that he received ineffective assistance of counsel. He says that it is manifestly unjust to permit the government to rely on his plea agreement to meet its exceptionally high burden of justifying revocation of his citizenship. Without the benefit of the agreement, Singh argues, the government cannot prove that he willfully mispresented any facts during his naturalization proceedings. He says that any mistakes he did make were due to confusion or scrivener's errors and were irrelevant to his eligibility for asylum, and that it is not a foregone conclusion that the government would prevail if he were able to mount a defense at his denaturalization hearing. And he contends that he in fact was prejudiced by the deficient performance of his counsel because he was advised to enter into a plea agreement that categorically deprives him of the opportunity to present evidence in his ongoing denaturalization case.

As contemplated by Rule 59(e), manifest injustice "is an amorphous concept with no hard line definition." *In re Cusano*, 431 B.R. 726, 734-35 (B.A.P. 6th Cir. 2010) (quoting *In re Henning,* 420 B.R. 773, 785 (Bankr. W.D. Tenn. 2009)). Nevertheless, "the plain meaning of those words is instructive." *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 530 (6th Cir. 2016) (quoting *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330-31 (6th Cir. 2014)). Black's Law Dictionary defines "manifest injustice"

as "[a] direct, obvious, and observerable error in a trial court, such as a defendant's guilty plea that is involuntary or is based on a plea agreement that the prosecution has rescinded."  Black's Law Dictionary (11th ed. 2019).

"'[M]anifest injustice' does not occur when a losing party attempts to 'correct what has — in hindsight — turned out to be a poor strategic decision.'"  *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 432 (6th Cir. 2017) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)).  Nor does manifest injustice "result merely because a harm may go unremedied."  *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 35-36 (D.D.C. 2013) (quoting *Accord Associated Gen. Contractors of Cal., Inc. v. Cal. State. Council of Carpenters*, 459 U.S. 519, 536 (1983) ("[T]he judicial remedy cannot encompass every conceivable harm that can be traced to alleged wrongdoing.")).  Instead, "a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."  *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004); *see also In re Henning*, 420 B.R. at 785 (same).  The movant must also "be able to show that altering or amending the underlying judgment will result in a change in the outcome in their favor."  *In re Cusano*, 431 B.R. at 734 (quoting *In re Henning*, 420 B.R. at 785).

In this case, there is no question that the estoppel effect of the 2014 plea agreement imposes a hardship on Singh.  The parties agree that, by virtue of the plea agreement he entered in this case, Singh likely will be precluded from arguing during his denaturalization proceedings that he acted out of mere confusion when he concealed the fact of his first asylum application and deportation order in applying for permanent residence status.  The plea agreement therefore may deprive Singh of his best defense and make the government's denaturalization case easier to prove.

However, the existence of this hardship "neither constitutes a fundamental flaw in this Court's reasoning, nor is it contrary with applicable policy." *See In re Bunting*, 321 B.R. at 423. "It is well established that a prior criminal conviction may work an estoppel in favor of the government in a subsequent civil proceeding." *United States v. Beaty*, 245 F.3d 617, 624 (6th Cir. 2001) (quoting *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 568 (1951)). "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Dowling v. United States*, 493 U.S. 342, 347 (1990) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). Thus, in the immigration context, a naturalized citizen may be collaterally estopped from challenging the factual basis of a prior conviction in a subsequent denaturalization proceeding. *See, e.g.*, *United States v. Jean-Baptiste*, 395 F.3d 1190, 1195 (11th Cir. 2005); *United States v. Teng Jiao Zhou*, 815 F.3d 639, 644 (9th Cir. 2016); *United States v. Hamed*, 976 F.3d 825, 830 (8th Cir. 2020). Far from being contrary to public policy, however, that outcome plainly is envisioned by federal law. "[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Hammer v. I.N.S.*, 195 F.3d 836, 840 (6th Cir. 1999) ("The doctrine [of collateral estoppel] reflects the longstanding policy that one full opportunity to litigate an issue is sufficient." (citing *Hickman v. Commissioner*, 183 F.3d 535, 537 (6th Cir. 1999)). In leaving open the door to the government asserting collateral estoppel at Singh's denaturalization hearing, no manifest injustice or error has been created.

Singh also contends that the Court reached the wrong decisions on the merits of his petition. However, although he asks the Court to reverse its determination that his 2014 plea was knowing and voluntary, he does not offer any legal basis for doing so; he cites no relevant caselaw and

offers no new arguments.  Instead, Singh merely reiterates that he believed that the plea agreement immunized him from the immigration consequences of his criminal conviction.  But that understanding was not reasonable, for the reasons the Court explained in its prior order.  Nothing in the plea agreement is misleading, and both the district court and the plea agreement gave Singh clear warning about the possible immigration consequences of his conviction, which Singh acknowledged.  *See, e.g.*, *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (holding that, where a district court has scrupulously followed required procedure for taking guilty plea, a defendant is bound by his statements in response to the court's inquiry and by the terms of his plea agreement as revealed in open court).

As for his claim that he received ineffective assistance of counsel, Singh contends that the Court was mistaken when it concluded that he did not establish the prejudice element.  As evidence, he points again to the potentially preclusive effect of his plea agreement in his denaturalization proceeding.  Whether his plea potentially limits his defenses in a subsequent civil proceeding, however, is irrelevant to determining whether Singh received ineffective assistance of counsel *during* the plea process itself.  The prejudice inquiry focuses on whether Singh rationally would have proceeded to trial in 2014 but for his counsel's errors.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Lee v. United States*, 582 U.S. 357, 364-65 (2017).  To establish that he was prejudiced by his counsel's deficiencies, Singh must present evidence contemporaneous to his guilty plea to substantiate that he would have preferred then to proceed to trial.  *Lee*, 582 U.S. 367-68.  The government's legal strategy in its denaturalization case today could not have impacted Singh's decision to forgo a jury trial in this criminal case almost nine years ago.

Singh has not offered any other valid grounds for reconsideration.  Although he suggests that the Court confused essential facts, he provides no evidence.  He says that the Court stated he

was ordered removed by an immigration judge in September 1993, even though the Court correctly

noted that he was ordered deported on January 25, 1995. *See Singh*, 2022 WL 2209369, at *2. He

also argues that his petition was too complicated for the Court to decide it without first holding an

evidentiary hearing. Nothing about the "byzantine" nature of immigration law, however, actually

precludes the Court from properly considering the merits of his petition for writ of *coram nobis*

without taking evidence. And Singh ultimately acknowledges in his reply brief that his motion

does not focus on any clear error of fact or law in any case.

III.

Singh has not established that the Court's order denying his petition for writ of error *coram*

*nobis* was predicated upon any manifest errors of law or fact, or that correcting the order would

prevent any manifest injustice. There are no grounds under Federal Rule of Civil Procedure 59(e)

for amending or altering the Court's order.

Accordingly, it is **ORDERED** that the defendant's motion to alter or amend the order and

judgment denying petition for writ of *coram nobis* (ECF No. 36) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 28, 2023